**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ADAM JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-cv-01490-PLC |
| | ) |
| JEFFERSON COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of a document filed by self-represented plaintiff Adam Jones that has been construed as a civil complaint pursuant to 42 U.S.C. § 1983. The complaint is deficient because it has not been filed on a Court form. Moreover, plaintiff has not paid the $402 filing fee or filed a motion to proceed *in forma pauperis*. As such, plaintiff will be directed to file an amended complaint pursuant to the instructions set forth below. He will also be ordered to either pay the full filing fee or submit a motion to proceed *in forma pauperis*, along with a copy of his inmate account statement.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On December 17, 2021, plaintiff filed a handwritten nine-page document, which the Court construes as a civil action brought pursuant to 42 U.S.C. § 1983.[1] ECF No. 1. Plaintiff states he is an inmate at the Jefferson County Jail, and alleges he and "other inmates" are being denied "legal books or resource materials." He then lists the names of the allegedly affected inmates with their

---

[1] The Court notes plaintiff specifically requests "a prisoner civil rights complaint" form. *See* ECF No. 1 at 6.

2

purported signatures. He asks the United States Marshals Service to intervene, advise, or transfer him to another facility.

He further complains that he and other inmates are not provided with regular "hygiene items" and are being "deprived of clean towels and socks[s] which led to some inmates to contract skin infections." He again lists the names of six inmates, with their purported signatures, "who have the same grievance/problems." He also states he has been denied access to over-the-counter Benadryl for allergies, Mucinex for a head cold, and "mental health meds." He admits, however, that he has been given Claritin for his allergy symptoms, but claims it does not help.

## Discussion

Plaintiff filed a document with the Court which has been construed as a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint is deficient, however, because it is not drafted on a Court form, does not contain a caption listing the specific defendants he intends to sue, and fails to allege how the defendant(s) were personally responsible for the alleged violations of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

To the extent plaintiff intends to bring a claim on behalf of six other inmates, such an attempt is impermissible. A person must be litigating an interest personal to himself. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that non-lawyers may only represent themselves because "an individual may appear in the federal courts only pro se or through counsel"). Additionally, the instant lawsuit cannot proceed with multiple plaintiffs

because § 1915(b)(1) of the Prison Litigation Reform Act of 1995 provides that each "prisoner shall be required to pay the full amount of a filing fee." Thus, individual prisoners must bring separate suits, rather than file jointly under Rule 20. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002). *See also Hagwood v. Warden*, 2009 WL 427396 *2 (D.N.J. Feb .19, 2009) (slip copy) ("the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20.") (citing *Wasko v. Allen County Jail*, 2006 WL 978956 (N.D. Ind. 2006)).

Because plaintiff is proceeding as a self-represented litigant, he will be allowed to amend his complaint according to the instructions set forth below.

### Instructions for Amending the Complaint

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed by him. The claims contained within the complaint should relate to the violation of his own constitutional rights. That is, plaintiff should not attempt to bring claims on  behalf of other inmates.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell*, 909 F.2d at 1208 (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts

showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Plaintiff must also either pay the $402 filing fee or file a motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1). If plaintiff files a motion to proceed *in forma pauperis*, he must include a copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2). If plaintiff fails to pay the filing fee or file a motion to proceed *in forma pauperis* within thirty days, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that within **thirty (30) days of the date of this Memorandum and Order**, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $402 filing fee or file an application to proceed without prepayment within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff files an application to proceed without prepayment, he must also file a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

**If plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of December, 2021