# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ADAM JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-CV-1490 PLC |
| | ) | |
| JEFFERSON COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On December 17, 2021, self-represented plaintiff Adam Jones filed a nine-page handwritten document, which the Court construed as a civil complaint brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff stated he was an inmate at the Jefferson County Jail, and complained he and other inmates were denied legal books and resources, hygiene products, and clean towels and socks. He further indicated he was not permitted access to allergy, head cold, and mental health medication.

On December 22, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. ECF No. 3. The Court determined this action was subject to dismissal because the complaint was not drafted on a Court form, did not contain a caption listing the specific defendants he intended to sue, and failed to allege how the defendant(s) were personally responsible for the alleged violation of his constitutional rights. *Id.* at 3. Further, to the extent he intended to bring a claim on behalf of other inmates, such an attempt was impermissible because a self-represented individual can only litigate an interest personal to himself. *Id.* at 3-4.

The Court directed plaintiff to file an amended complaint to cure his pleading deficiencies and provided him with clear instructions on how to amend. Plaintiff was also directed to either pay

the $402 civil filing fee to initiate the instant matter in this Court or file an application to proceed *in forma pauperis.* Plaintiff was provided with the appropriate Court forms and warned that his failure to timely comply would result in the dismissal of this action without prejudice and without further notice.

Plaintiff's amended complaint and motion to proceed *in forma pauperis*, or payment of the civil filing fee, was due on January 21, 2022. To date, however, he has not complied with the Court's December 22, 2021 Memorandum and Order, nor sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time. Therefore, this action will be dismissed without prejudice for failure to comply with the Court's Order and failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of January, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**